UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS JAMES MINNER,

    Petitioner,                    Civil No. 2: 06-CV-10178
                                      HONORABLE GEORGE CARAM STEEH
v.                               UNITED STATES DISTRICT JUDGE

DOUGLAS VASBINDER,

    Respondent,
_____/

## ORDER DENYING THE MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR THE APPOINTMENT OF COUNSEL

Before the Court is habeas petitioner Dennis James Minner's motions to proceed *in forma pauperis* and for the appointment of counsel. Respondent has yet to file a substantive answer to the habeas petition.

With respect to petitioner's motion to proceed *in forma pauperis,* the Court notes that petitioner paid the $ 5.00 filing fee when he filed his petition for writ of habeas corpus. [Dkt. Entry # 1].[1] Because petitioner has paid the filing fee in this case, the question of whether he should be granted *in forma pauperis* status is moot. *See Shulman v. United States,* 43 Fed. Appx. 128, 128 (9th Cir. 2002). The motion to proceed *in forma pauperis* is denied as moot.

In support of his motion for appointment of counsel, petitioner alleges

---

[1] A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000); *See also Irving v. Bouchard,* 2005 WL 1802122, * 1 (E.D. Mich. July 25, 2005).

1

that:(1) he is financially unable to retain counsel; (2) the issues raised in the petition are complex and in need of professional attention; and, (3) the claims raised in the petition are meritorious.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F. 3d 332, 333 (10th Cir. 1994). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D.

Mich. 1998).  The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim.  *Id.*

In the present case, petitioner has filed a twenty one page petition for writ of habeas corpus, in which he raises eight claims for relief.  Petitioner has cited to numerous federal and state cases in his petitions.  Petitioner has also filed an eight page reply brief.  Petitioner therefore has the means and ability to present his claims to the court.  Furthermore, until the State of Michigan files its answer and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required.  Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES** the motion for appointment of counsel without prejudice.  The Court will reconsider petitioner's motions if, following receipt of the responsive pleadings and Rule 5 materials, the court determines that appointment of counsel is necessary.

Based upon the foregoing, the motions to proceed *in forma pauperis* [Dkt. Entry # 2] and for the appointment of counsel [Dkt. Entry # 3] are **DENIED.**

**Dated:  August 23, 2006**

                                                              **S/George Caram Steeh**

                                                              **GEORGE CARAM STEEH**
                                                              **UNITED STATES DISTRICT JUDGE**

---

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on
August 23, 2006, by electronic and/or ordinary mail.**

**S/Josephine Chaffee**
**Deputy Clerk**

---