**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DENNIS JAMES MINNER,

    Petitioner,                         Civil No. 2:06-CV-10178
                                              HONORABLE GEORGE CARAM STEEH
v.                                       UNITED STATES DISTRICT JUDGE

DOUG VASBINDER,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Dennis James Minner, ("petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(e); and being an habitual offender, M.C.L.A. 769.10. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was charged with four counts of first-degree criminal sexual conduct, one count of kidnapping and one count of possession of a firearm during the commission of a felony. Following a jury trial, petitioner was convicted of one count of first-degree criminal sexual conduct and acquitted of the remaining charges. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction,

1

which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> Defendant's conviction arises from the sexual assault of his estranged wife. According to her testimony, defendant had his son from a previous marriage lure the victim to a Home Depot store parking lot late at night with a tale of a broken car. Although reluctant and fearful that she was being set up to encounter defendant, the victim nonetheless went to help. Once she arrived, her fears were realized when defendant forced her at gunpoint to accompany him to his apartment where he performed several acts of nonconsensual sex with her.
>
> *People v. Minner,* No. 227956, * 1 (Mich.Ct.App. June 28, 2002).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 468 Mich. 875; 659 N.W. 2d 236 (2003). Petitioner thereafter filed a post-conviction motion for relief from judgment, which was denied. *People v. Minner,* No. 99-12475-FC (Washtenaw County Circuit Court, March 31, 2004). Petitioner was denied leave to appeal. *People v. Minner,* No. 255467 (Mich.Ct.App. December 16, 2004); *lv. den.* 472 Mich. 919; 696 N.W. 2d 718 (2005). Petitioner filed a second post-conviction motion, which was denied by the trial court. *People v. Minner,* No. 99-12475-FC (Washtenaw County Circuit Court, November 29, 2004). Petitioner never appealed the denial of this motion. Petitioner filed a third post-conviction motion, which was yet again denied by the trial court. *People v. Minner,* No. 99-12475-FC (Washtenaw County Circuit Court, July 20, 2005). Petitioner was denied leave to appeal. *People v. Minner,* No. 264842 (Mich.Ct.App. September 21, 2005); *lv. den.* 474 Mich. 983; 707 N.W. 2d 202 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus. For the purposes of judicial clarity, the Court will paraphrase petitioner's claims, rather than recite them verbatim: [1]

> I. The trial court erred in admitting evidence of "prior bad acts".
>
> II. There was insufficient evidence to convict petitioner of first-degree criminal sexual conduct.
>
> III. The trial court incorrectly scored several of petitioner's offense variables under the Michigan Sentencing Guidelines.
>
> IV. Petitioner was deprived of the effective assistance of trial counsel.
>
> V. Petitioner was deprived of a fair trial by prosecutorial misconduct.
>
> VI. Petitioner was denied the right to an impartial judge.
>
> VII. Petitioner was deprived of the effective assistance of appellate counsel.
>
> VIII. Petitioner has demonstrated good cause and actual prejudice to establish that he was entitled to post-appeal relief by the state courts.
>
> IX. The trial court abused its discretion in failing to instruct the jury on lesser included offenses.
>
> X. The state trial court violated petitioner's rights by failing to conduct a proper hearing on petitioner's post-conviction motion for relief from judgment.
>
> XI. The trial court scored the offense variables for petitioner's

---

[1] Petitioner lists only eight claims in his petition for writ of habeas corpus, but lists these eleven claims in the memorandum of law which he has attached to the petition. Because petitioner is proceeding *pro se*, this Court would be willing to treat petitioner's brief or memorandum of law as incorporated into his original petition, and will therefore give him the benefit of the doubt and discuss the claims as they are listed in the memorandum of law. *See Meatley v. Artuz*, 886 F. Supp. 1009, 1011 (E.D.N.Y. 1995).

sentencing guidelines range in violation of *Blakely v. Washington,* 542 U.S. 296 (2004). [2]

## II. Standard of Review

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs

---

[2] Respondent contends that several of petitioner's claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3). Petitioner claims that his appellate counsel was ineffective for failing to raise these claims in his appeal of right. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Because "the procedural default issue raises more questions than the case on the merits", this Court will assume, for the sake of resolving the claims, that there is no procedural default by petitioner and will decide the merits of the claims. *Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003).

4

when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

#### A. Claim # 1. The "prior bad acts" evidence claim.

Petitioner first claims that the trial court erroneously permitted the victim to testify that she had been choked into unconsciousness and later sexually assaulted by petitioner about a week prior to the incident which forms the basis of the conviction that he challenges in this petition. Petitioner claims that this testimony should have been excluded as "prior bad acts" evidence pursuant to M.R.E. 404(b).

The admission of this "prior bad acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003). Petitioner is therefore not entitled to habeas relief on this claim.

#### B. Claim # 2. The sufficiency of evidence claim.

Petitioner next claims that there was insufficient evidence that he used a

5

weapon during the sexual assault, as required for a conviction for first-degree criminal sexual conduct under M.C.L.A. 750.520b(1)(e).

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Gardner v. Kapture,* 261 F. Supp. 2d 793, 805 (E.D. Mich. 2003)(*quoting Walker v. Engle*, 703 F. 2d 959, 970 (6th Cir. 1983)). Finally, a habeas court does not substitute its own judgment for that of the finder of fact. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 606 (E.D. Mich. 2002).

Under Michigan law, first-degree criminal sexual conduct is committed when there is an intrusion into the genital or anal opening of another person under one of the enumerated circumstances in the first-degree criminal sexual conduct statute. *See Farley v. Lafler,* 193 Fed. Appx. 543, 548 (6th Cir. 2006).

In the present case, petitioner was convicted of first-degree criminal sexual conduct under a theory that he was armed with a weapon during the

sexual assault. Petitioner contends that there was insufficient evidence to convict him of first-degree criminal sexual conduct under this theory, in light of the fact that he was acquitted of the felony-firearm charge.

To the extent that petitioner argues that the jury verdict is inconsistent, petitioner would not be entitled to habeas relief on this claim. Inconsistency in a verdict is an insufficient reason for setting a verdict aside. *Harris v. Rivera,* 454 U.S. 339, 345 (1981); *See also Mapes v. Coyle*, 171 F. 3d 408, 419-20 (6th Cir. 1999). An alleged inconsistency in a state court verdict is therefore a noncognizable claim on federal habeas review. *Smith v. Herbert,* 275 F. Supp. 2d 361, 371 (E.D.N.Y. 2003).

Moreover, under 750.520b(1)(e), a person is guilty of first-degree criminal sexual conduct if at the time of the sexual assault: "[T]he actor is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon." Thus, in order to be convicted under Michigan law of first-degree criminal sexual conduct, it was unnecessary for the prosecution to prove that petitioner was armed with an actual firearm, so long as the prosecution proved beyond a reasonable doubt that petitioner used an article in a manner intended to make the victim reasonably believe that it was a weapon. *See Beam v. Foltz,* 832 F. 2d 1401, 1411-12 (6th Cir. 1987).

The victim testified in this case that petitioner forced her at gunpoint to perform nonconsensual acts with him. A rational trier of fact could, at a

minimum, have concluded that petitioner was armed with an article fashioned in a manner that would have lead the victim to believe that it was an actual gun, so as to support petitioner's conviction for first-degree criminal sexual conduct. Petitioner is not entitled to habeas relief on his second claim.

**C. Claims # 3 and # 11. The sentencing claims.**

The Court will discuss petitioner's two sentencing claims together. Petitioner contends that the trial court incorrectly scored several offense variables of the Michigan Sentencing Guidelines. Petitioner further contends that the trial court violated his Sixth Amendment right to a trial, because the trial court used facts which had not been proven beyond a reasonable doubt before a jury in scoring these guidelines.

A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002). Petitioner's sentence of fifteen years to twenty two years, six months in prison was within the statutory limits for the offense of first-degree criminal sexual conduct. A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *Friday,* 200 F. Supp. 2d at 744.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not

8

a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.*

Petitioner, however, also contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner.

In support of his claim, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004), in which the U.S. Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge

9

but is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *cert. den. sub nom Drohan v. Michigan,* 127 S. Ct. 592 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(both citing M.C.L.A. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14. Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan,* 475 Mich. at 164.

The decision in *Blakely v. Washington*, has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights, so as to entitle him to habeas relief. See *e.g. Mays v. Trombley,* 2006 WL 3104656, * 3 (E.D. Mich. October 31, 2006); *Worley v.*

10

*Palmer,* 2006 WL 2347615, * 2 (E.D. Mich. August 11, 2006).

Because petitioner's sentence was within the statutory limits for the crime of first-degree criminal sexual conduct, this Court will not set the sentence aside. *Friday,* 200 F. Supp. 2d at 745. Petitioner is not entitled to habeas relief on his sentencing claims.

**D. Claims # 4 and # 7. Ineffective assistance of counsel claims.**

The Court will consolidate petitioner's ineffective assistance of counsel claims for judicial clarity. In his fourth claim, petitioner alleges the ineffective assistance of trial counsel. In his seventh claim, petitioner alleges the ineffective assistance of appellate counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

In his fourth claim, petitioner contends that his trial counsel's unsuccessful attempt to impeach the victim opened the door for the admission of details

11

concerning the petitioner's prior choking and sexual assault upon the victim, which he claims would have otherwise been inadmissible.

Prior to trial, the prosecution moved for the admission of the prior assault upon the victim pursuant to M.R.E. 404(b). The trial court judge indicated that she would permit the victim to testify that she had been assaulted by petitioner a week prior to the current offense, but would not let her testify about the details concerning the assault itself. However, when counsel attempted to impeach the victim's credibility about this prior assault, the trial court judge allowed the victim to testify about some of the underlying details of the assault.

"[C]ourts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *Dell v. Straub,* 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002). "Impeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Id.*

In the present case, the trial court judge had already ruled that evidence of the prior assault was admissible. As the same judge later indicated when she denied petitioner's post-conviction motion, trial counsel had no choice but to attempt to impeach the victim in a case that was basically a credibility contest. Petitioner is unable to rebut the presumption that counsel's decision to attack the victim's credibility by questioning her about the details of the prior assault was a proper strategic decision.

More importantly, any deficiency by counsel in opening the door concerning the details of petitioner's prior assault against the victim did not prejudice petitioner, so as to support an ineffective assistance of counsel claim, in light of the fact that this evidence was neither the strongest evidence or the only evidence of petitioner's guilt to the charged offense. *See Bridges v. Cason,* 198 Fed. Appx. 491, 494-95 (6th Cir. 2006); *See also Salem v. Yukins,* 414 F. Supp. 2d 687, 699 (E.D. Mich. 2006)(defense counsel's opening the door to questions regarding the habeas petitioner's prior drug conviction did not prejudice petitioner, in light of the overwhelming evidence of her guilt). The victim testified regarding the incident underlying petitioner's conviction that she had been sexually assaulted at gunpoint by petitioner. The trial court had also already permitted the victim to testify about the prior assault and rape. "[*S*]*trickland* acknowledges that conclusions supported by other properly admitted evidence may be unaffected by the introduction of evidence that, although improperly admitted, is cumulative." *Bridges,* 198 Fed. Appx. at 495. Because the details concerning the prior assault and rape were merely cumulative of properly admissible evidence on this subject, petitioner was not prejudiced by the fact that counsel opened the door to testimony about these details. Petitioner is not entitled to habeas relief on his fourth claim.

The Court will likewise reject petitioner's ineffective assistance of appellate counsel claim. The Sixth Amendment guarantees a defendant the right to the

effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). An attorney's failure to present a nonmeritorious issue on appeal does not constitute ineffective assistance of counsel. *See Harris v. Stegall,* 157 F.Supp. 2d 743, 747 (E.D.Mich. 2001). Because petitioner's underlying claims are without merit, appellate counsel was not ineffective for failing to raise these claims in petitioner' appeal of right. Petitioner is not entitled to relief on his seventh claim.

**E. Claim # 9. The lesser included offense claim.**

In his ninth claim, petitioner contends that the trial court erred in failing to instruct the jury on lesser included offenses.

The United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(*citing to Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)). Thus, a state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief. *Id. Beck* has been interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense

instruction in non-capital cases." *Campbell v. Coyle,* 260 F. 3d 531, 541 (6th Cir. 2001). Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *See Scott v. Elo,* 302 F. 3d 598, 606 (6th Cir. 2002). Petitioner is not entitled to habeas relief on this claim.

**F. Claims # 8 and # 10. The post-conviction defects claims.**

Petitioner lastly contends that the state trial court failed to conduct a proper review of his post-conviction motions.

A federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Any error by the Michigan courts in the application of Michigan's post-conviction statute is an error of state law that would not be cognizable in federal habeas review. *See Simpson v. Jones,* 238 F. 3d 399, 406-407 (6th Cir. 2000). Petitioner is therefore not entitled to relief on his final claims.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this

denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claim to be debatable or that it should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: May 21, 2007

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 21, 2007, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk

---